J. S58003/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　v.　　　　　　　:
　　　　　　　　　　　　　　　　:
ARIEL COLON, JR.,　　　　　　　:　　　No. 422 MDA 2017
　　　　　　　　　　　　　　　　:
　　　　　　Appellant　　　　　:

Appeal from the PCRA Order, February 2, 2017,
in the Court of Common Pleas of Schuylkill County
Criminal Division at No. CP-54-CR-0001391-2014

BEFORE:　GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　**FILED APRIL 16, 2018**

Ariel Colon, Jr., appeals from the February 2, 2017 order denying his petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Contemporaneously with this appeal, PCRA counsel has requested leave to withdraw. After careful review, we find PCRA counsel's petition satisfies the requirements of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**). Accordingly, we grant PCRA counsel leave to withdraw and affirm the order of the PCRA court.

The relevant facts of this case were summarized by a prior panel of this court on direct appeal and need not be reiterated here. **See Commonwealth v. Colon**, 134 A.3d 500 (Pa.Super. 2015) (unpublished memorandum at 1-2), citing trial court opinion, 6/10/15 at 2-3. In sum,

appellant slashed the victim's neck with a razor blade, near her carotid artery, following an argument. On February 10, 2015, appellant was found guilty of aggravated assault, recklessly endangering another person, and simple assault[1] in connection with this incident. Appellant was found not guilty of the crimes of criminal attempt to commit first-degree murder and possessing an instrument of crime ("PIC").[2] On March 19, 2015, the trial court sentenced appellant to an aggregate term of 9 to 20 years' imprisonment. At all relevant times during his trial and sentencing, appellant was represented by Andrea L. Thompson, Esq. ("trial counsel").

On November 20, 2015, a panel of this court affirmed appellant's judgment of sentence, and appellant did not seek allowance of appeal with our supreme court. *See Colon*, 134 A.3d 500. On June 27, 2016, appellant filed a *pro se* PCRA petition alleging the ineffectiveness of trial counsel. On July 8, 2016, Jeffrey M. Markosky, Esq. ("PCRA counsel"), was appointed to represent appellant and filed an amended PCRA petition on his behalf on December 15, 2016. The PCRA court conducted an evidentiary hearing on appellant's petition on January 19, 2017. Following the hearing, the PCRA court entered an order on February 2, 2017 denying appellant's petition. This timely appeal followed on March 1, 2017. On March 3, 2017, the PCRA court directed appellant to file a concise statement of errors complained of

---

[1] 18 Pa.C.S.A. §§ 2702, 2705, and 2701, respectively.

[2] *Id.* §§ 901 (2502) and 907, respectively.

on appeal, in accordance with Pa.R.A.P. 1925(b), within 25 days. Appellant filed a timely Rule 1925(b) statement on March 28, 2017. On March 29, 2017, the PCRA court filed a one-page Rule 1925(a) opinion indicating that it was relying on the reasoning set forth in its prior February 2, 2017 opinion. (**See** Rule 1925(a) opinion, 3/29/17; PCRA court opinion, 2/2/17 at 2-4.)

Thereafter, on April 6, 2017, PCRA counsel subsequently filed a "no-merit" letter and a petition to withdraw. Appellant did not file a **pro se** response to PCRA counsel's petition. On December 5, 2017, we entered a judgment order denying PCRA counsel's request to withdraw and remanding this matter to afford PCRA counsel the opportunity to obtain and review the January 19, 2017 hearing transcript that did not initially appear in the certified record. **See Commonwealth v. Colon**, 2017 WL 6014426 (Pa.Super. 2017) (unpublished judgment order). We directed PCRA counsel "to file an advocate's brief or another **Turner**/**Finley** 'no-merit' letter and petition to withdraw, following a review of the complete record." **Id.** at *1. PCRA counsel complied and filed a "no-merit" letter on February 21, 2018.

On appeal, PCRA counsel raises a litany of ineffectiveness claims on appellant's behalf. Specifically, appellant contends that trial counsel rendered ineffective assistance (i) by failing to provide him with discovery until two weeks prior to trial; (ii) by virtue of the fact that trial counsel had previously represented Commonwealth witness James Myers; (iii) by failing to object to the trial court's imposition of the deadly weapon enhancement

at sentencing on the basis that he was acquitted of the PIC charge; and (iv) by failing to file a motion to suppress a razor blade found on his person. (**Turner**/**Finley** brief at 6-8.)

Prior to considering appellant's arguments, we must address PCRA counsel's "no-merit" letter and petition to withdraw from representation. In **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa.Super. 2016), a panel of this court recently reiterated the procedure to be followed when PCRA counsel files a "no-merit" letter and seeks permission to withdraw from representation:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [**Turner**/**Finley**] and . . . must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no[-]merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed **pro se** or by new counsel.
>
> . . . .
>
> Where counsel submits a petition and no[-]merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with

> counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Id.* at 510-511 (some bracketed internal citations amended; case citations omitted).

Herein, we find that PCRA counsel's initial filing with this court, while couched as a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), complied with the requirements of *Turner/Finley*. *See Commonwealth v. Fusselman*, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004) (holding that although "[a] *Turner/Finley* no[-]merit letter is the appropriate filing [in a PCRA proceeding,] . . . because an *Anders* brief provides greater protection to the defendant, we may accept an *Anders* brief in lieu of a *Turner/Finley* letter"), *appeal denied*, 882 A.2d 477 (Pa. 2005).

Specifically, counsel's initial "no-merit" letter detailed the nature and extent of counsel's review. In preparing the "no-merit" letter, counsel addressed the issues appellant raised in his PCRA petition and determined that they lack merit. Thereafter, counsel provided a discussion of appellant's claims, explaining why each issue is without merit. Finally, the record reflects that counsel served appellant with a copy of the "no-merit" letter and advised appellant, pursuant to this court's June 12, 2017 directive, of his right to proceed *pro se* or with the assistance of privately retained counsel. *See per curiam* order, 6/12/17 (directing PCRA counsel to comply with the procedure outlined in *Commonwealth v. Widgins*, 29 A.3d 816,

818 (Pa.Super. 2011), and notify appellant within 14 days of his right to proceed **pro se** or with the assistance of privately retained counsel). PCRA counsel's subsequent filing with this court indicates that he obtained and reviewed the January 19, 2017 hearing transcript, as directed, and concluded that there are no additional issues he could raise on appellant's behalf. (**See** "No-Merit" letter, 2/21/18 at 1.) Thus, we find that counsel's request for leave to withdraw from representation satisfies the requirements of **Turner/Finley**. **See Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003) (stating that substantial compliance with requirements will satisfy the **Turner/Finley** criteria). We must now conduct our own review of the record and render a decision as to whether the appeal is without merit.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Patterson**, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A.

§ 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

To prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014), *appeal denied*, 104 A.3d 523 (Pa. 2014) (citation omitted). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011), *appeal denied*, 30 A.3d 487 (Pa. 2011) (citation omitted). Additionally, counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. *Commonwealth v. Ligons*, 971 A.2d 1125, 1146 (Pa. 2009).

Appellant first argues that trial counsel was ineffective in failing to provide him with a discovery packet until two weeks prior to trial, which "prevented [appellant] from adequately preparing for his trial." (*Turner*/*Finley* brief at 6.) We disagree.

Instantly, the PCRA court concluded that appellant was not prejudiced by trial counsel's purported inaction in this regard. As the PCRA court noted in its opinion, appellant presented virtually no evidence as to what he would have specifically done with the discovery had he received it earlier, and the PCRA court found that trial counsel was precluded from discussing the case with appellant because he refused to cooperate with trial counsel and effectively "shut down." (*See* PCRA court opinion, 2/2/17 at 3.) This court has long recognized that "[a] petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations and internal quotation marks omitted). Appellant has clearly failed to satisfy this burden in this instance.

Appellant next argues that trial counsel was ineffective by virtue of the fact that she had a conflict of interest in this case because she had previously represented witness James Myers, who testified on behalf of the Commonwealth at trial. (*Turner*/*Finley* brief at 6-7). We disagree.

It is well settled that "[a] defendant cannot prevail on a conflict of interest claim absent a showing of actual prejudice." *Commonwealth v. Spotz*, 896 A.2d 1191, 1231 (Pa. 2006); *see also Commonwealth v. Hawkins*, 787 A.2d 292, 297 (Pa. 2001) (requiring a post-conviction petitioner to demonstrate that counsel's prior representation of a

Commonwealth witness adversely affected counsel's representation of the petitioner).

Our review of the record in this matter demonstrates that appellant suffered no discernable prejudice as a result of this purported conflict. Notably, appellant has failed to demonstrate that trial counsel was actively representing conflicting interests. Similar to **Spotz** and **Hawkins**, this was not a circumstance involving dual representation; rather, any representation by trial counsel of Myers had terminated prior to trial counsel's representation of appellant. Additionally, appellant has failed to demonstrate how her prior representation of Myers adversely affected trial counsel's representation of appellant in this matter. This is especially true in light of the fact that during her closing argument, trial counsel actually attempted to implicate Myers as the individual who had slashed the victim's neck. (**See** notes of testimony, 2/9/15 at 185-186.) Accordingly, there is no merit to appellant's ineffectiveness claim related to the purported conflict of interest. **See Spotz**, 896 A.2d at 1232 (rejecting a claim based on counsel's representation of an individual which terminated before the appointment to represent the petitioner, because he offered nothing more than bald assertions, with no evidence to suggest that counsel's conduct was due to the alleged conflict of interest).

Appellant next argues that trial counsel was ineffective in failing to object to his being sentenced pursuant to the deadly weapon enhancement

on the basis that the jury acquitted him of PIC. (**Turner**/**Finley** brief at 7-8.) This claim is meritless.

In **Commonwealth v. Moore**, 103 A.3d 1240 (Pa. 2014), our supreme court explained that:

> Federal and Pennsylvania courts alike have long recognized that **jury acquittals may not be interpreted as specific factual findings with regard to the evidence, as an acquittal does not definitively establish that the jury was not convinced of a defendant's guilt.** Rather, it has been the understanding of federal courts as well as the courts of this Commonwealth that an acquittal may merely show lenity on the jury's behalf, or that the verdict may have been the result of compromise, or of a mistake on the part of the jury. Accordingly, the United States Supreme Court has instructed that courts may not make factual findings regarding jury acquittals and, thus, cannot upset verdicts by speculation or inquiry into such matters.

**Id.** at 1246 (citations and internal quotation marks omitted; emphasis added).

Moreover, we conclude that the imposition of the deadly weapon enhancement was entirely warranted in this matter. On direct appeal, a panel of this court found that there was sufficient evidence to sustain appellant's conviction for aggravated assault after appellant sliced the victim's neck with a razor blade. **See Colon**, 134 A.3d 500 (unpublished memorandum at 5, citing notes of testimony, 2/9/15 at 33-37). Based on the foregoing principles, we find that appellant's challenge to the imposition of the deadly weapon enhancement during sentencing lacks arguable merit,

and trial counsel cannot be found ineffective for failing to raise a meritless claim. *See Ligons*, 971 A.2d at 1146.

Lastly, we conclude that there is no underlying merit to appellant's contention that the razor blade found on his person should have been suppressed, and thus, trial counsel cannot be found ineffective for failing to pursue this meritless claim. (*See Turner*/*Finley* brief at 7-8.)

"The Fourth Amendment to the [United States] Constitution and Article I, Section 8 of [the Pennsylvania] Constitution protect citizens from unreasonable searches and seizures." *Commonwealth v. McAdoo*, 46 A.3d 781, 784 (Pa.Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013). "A search conducted without a warrant is deemed to be unreasonable and therefore constitutionally impermissible, unless an established exception applies." *Commonwealth v. Strickler*, 757 A.2d 884, 888 (Pa. 2000). "Exceptions to the warrant requirement include the consent exception, the plain view exception, the inventory search exception, the exigent circumstances exception, the automobile exception . . ., the stop and frisk exception, and **the search incident to arrest exception**." *Commonwealth v. Dunnavant*, 63 A.3d 1252, 1257 n.3 (Pa.Super. 2013) (emphasis added), *affirmed by an equally divided court*, 107 A.3d 29 (Pa. 2014).

Instantly, our review of the record in this matter reveals that the razor blade in question was found on appellant's person following a lawful search

incident to arrest. (**See** notes of testimony, 2/9/15 at 164-167.) As a panel of this court recently explained in **Commonwealth v. Simonson**, 148 A.3d 792, 799 (Pa.Super. 2016), **appeal denied**, 2017 WL 1194890 (Pa. 2017),

> The search incident to arrest exception allows arresting officers, in order to prevent the arrestee from obtaining a weapon or destroying evidence, [to] search both the person arrested and the area within his immediate control. Moreover, in contrast to the exigent circumstances exception, the search incident to arrest exception applies categorically. In other words, the search incident to arrest exception permits a search of the arrestee's person as a matter of course—and without a case-by-case adjudication . . . [of] whether a search of a particular arrestee is likely to protect officer safety or evidence.

**Id.** at 799 (citations and internal quotation marks omitted). Based on the foregoing, we conclude that appellant's underlying suppression claim lacks arguable merit, and trial counsel cannot be found ineffective for failing to raise a meritless claim. **See Ligons**, 971 A.2d at 1146.

Accordingly, we affirm the February 2, 2017 order of the PCRA court and grant PCRA counsel's petition for leave to withdraw as counsel.

Order affirmed. Petition for leave to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/2018

- 12 -